Judge Nicholas
delivered tho opinion of the court.
Rucicer, as an informer, obtained judgments in the name of the Commonwealth, before a justice of the peace, for a number of fines, *646 which were collected by a constable and paid over-to Rucker. Subsequent to the payment of the fines to Rucker, a remission thereof was obtained from the governor. Bosworth then instituted this suit for the recovery of the amount of the fines so paid Rucker, and having obtained a verdict and judgment therefor, Rucker prosecutes this writ of error.
After n fino has been paid íbrmcT^hís111’ right is indefeasible, and a subsequent tbc'fine^'by the Governor, will not give finei'a r'ivlit of action to recoverback irom tne informer the amount of the fine so paid to him.
Payne, for plaintiff.
We think Bosworth had no right to recover. The fines having been collected and paid over to the inf°rltlC1’'before the remission, his right thereto be-came absolute and indefeasible. Thefe was nothing left upon which the remission could take effect. A remission is not in the nature of nor does it operate like the reversal of a judgment. It is more like, and operates as a release. After the payment of a> debt or demand, a release of it operates nothing. So a^ter the payment of the fines to the prosecutor to whom they belonged, the governor’s power of remission was either gone or of none effect.
Judgment reversed, with costs, and cause remanded, with directions for new trial and further proceedings consistent herewith,